NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1057
_____

UNITED STATES OF AMERICA

v.

KORY BARHAM, a/k/a Cutty Blue, a/k/a Cuttlas Y. Blue

Kory Barham, Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-05-cr-00443-010)
District Judge:  The Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2011

BEFORE:  BARRY, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed:  June 29, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Kory Barham pleaded guilty to conspiracy to transport individuals for purposes of

prostitution, coercing and enticing them to travel to engage in prostitution, and interstate

travel with intent to distribute proceeds of prostitution, in violation of 18 U.S.C. §§ 371, 2421, 2422(a), and 1952(a). He also pleaded guilty to a specific count of interstate travel for purposes of prostitution in violation of 18 U.S.C. § 1952(a)(3) and (2).

Quoting his brief, Barham raises the following questions on appeal:

> 1. Was appellant's guideline range mistakenly calculated because it was based on the treatment of victims as minors?
>
> 2. Is remand within the Court's discretion because the sentence was excessive?

Appellant's Brief, p. 4. We will affirm.

Barham asserts that the District Court mistakenly applied U.S. Sentencing Guidelines Manual § 2G1.3 (2007) because he did not personally victimize any minors. Barham failed to preserve this issue and we review it for plain error. *United States v. Johnson,* 302 F.3d 139, 153 (3d Cir. 2002).[1] Evidence before the District Court contradicts Barham's argument, showing that he prostituted a seventeen year-old girl. He also ignores the relevance of conduct of his co-conspirators who prostituted over forty minors. Given Barham's admitted interaction with his co-conspirators, and the routine recruitment of minors that was pervasive in the conspiracy, there is no question that this conduct is attributable to him. Moreover, Barham's sentence of 108 months was calculated from the statutory maximums that resulted from his plea agreement. We conclude from all of this that the District Court did not err.

---

[1] Barham moved for permission not to attend a presentence evidentiary hearing, plainly stating in the motion that he was withdrawing his objections to the Report.

Barham also appeals the substantive reasonableness of his sentence. Yet, in its consideration of Barham's sentence, the District Court took into account the factors enumerated under 18 U.S.C. § 3553(a) and assessed the reasonableness of the plea bargain sentence, weighing his role in the conspiracy with the gravity of the offense. We conclude that his sentence of 108 months is eminently reasonable and will affirm the judgment of sentence of the District Court.